IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **W.C. WIEDENMANN & SON, INC., a Missouri corporation,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GRICE ENGINEERING, INC., ORR CONSTRUCTION MANAGEMENT, INC., and WESTERN SURETY COMPANY,**<br><br>**Defendants.** | **No. 10-CV-2146-CM** |

**MEMORANDUM AND ORDER**

Plaintiff, W.C. Wiedenmann & Son, Inc. ("Wiedenmann"), brings this suit alleging various state law claims. Plaintiff's Motion for Default Judgment against Defendant Grice Engineering, Inc., ("Grice") (Doc. 10) is currently pending before the court. Plaintiff's motion seeks an award of $21,973.54 from defendant Grice under Federal Rule of Civil Procedure 55.

**I. Factual Background**

On March 15, 2010, plaintiff filed this case against defendants Grice, Orr Construction Management, Inc. ("Orr"), and Western Surety Company ("Western"). After the case was filed, defendant Orr made two separate payments to Wiedenmann in the amounts of $16,157.21 and $53,000.00. Defendants Orr and Western were dismissed with prejudice on May 4, 2010. On May 14, 2010, the clerk of the court entered default against defendant Grice as to liability because defendant Grice has failed to appear or otherwise defend.

**II. Judgment Standard**

Once default is entered, a defendant is deemed to have admitted the plaintiff's well-pleaded

allegations of fact. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). Rule 55(b)(2) governs the entry of default judgment by the court. It states:

> In all other cases, the party must apply to the court for a default judgment.
> . . .
> The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2). "[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) (citing *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)). The inquiry does not end just because a plaintiff requests a specific amount in its complaint. *Tebbets v. Price Sec.*, No. 93-2129-JWL, 1995 WL 28967, at *3 (D. Kan. Jan. 20, 1995). "'A plaintiff cannot satisfy the certainty requirement simply by requesting a specific amount. He or she must also establish that the amount requested is reasonable under the circumstances.'" *Id.* (quoting *Beck v. Atlantic Contracting Co.*, 157 F.R.D. 61, 65 (D. Kan. 1994)). "Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Id.* at *4 (quoting *Adolph Coors Co. v. Movement Against Racism & The Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal quotations omitted)).

**III. Discussion**

Plaintiff's application for default judgment seeks the following damages:

| | |
|---|---|
| Contract Balance Owed and Sued Upon | $ 74,480.90 |
| Less Payment by Orr on April 1, 2010 | - 16,157.21 |

| | |
|---|---|
| Less Payment by Orr on April 26, 2010 | - 53,000.00 |
| Principal Amount Due | 5,323.69 |
| | |
| Interest from October 1, 2009 to May 14, 2010 | + 7,871.42 |
| Attorney’s Fees and Costs | + 8,778.43 |
| | $ 21,973.54 |

Plaintiff also requests post-judgment interest of $5.04 per day on all outstanding amounts owed until the judgment is paid in full.

Plaintiff’s complaint sets forth its damages against Grice and grounds for attorney’s fees. Plaintiff also filed the affidavit of Heather F. Shore, plaintiff’s legal counsel, in support of its request. After reviewing the record, the court finds that plaintiff provides the necessary documentary evidence and details regarding the damages and attorney’s fees requested. The court further finds plaintiff’s request for attorney’s fees is reasonable and appropriate under Kan. St. Ann. § 16-1906.

**IT IS THEREFORE ORDERED** that Plaintiff’s Motion for Default Judgment against Defendant Grice Engineering, Inc., (Doc. 10) is granted.

**IT IS FURTHER ORDERED** that judgment is entered against Defendant Grice Engineering, Inc. in the amount of $21,973.54, plus post-judgment interest at the current rate.

Dated this 29th day of June 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**